FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMUEL SALMERON, | No. 4:25-CV-05103-RLP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| ESTUARDO OLA, | |
| Defendant. | |

BEFORE THE COURT is the United States' Rule 12(b)(1) Motion to Dismiss, ECF No. 2. For the reasons provided below, the United States' Motion is granted.

BACKGROUND

Plaintiff Samuel Salmeron filed a petition for a Washington state civil anti-harassment protection order against Defendant Estuardo Ola in Franklin County Superior Court. ECF No. 1-1. Mr. Salmeron and Mr. Ola are both employees of the United States Postal Service (USPS) Post Office in Pasco, Washington. ECF No. 1-1 at 56. Mr. Salmeron's petition arose from an alleged workplace confrontation

ORDER GRANTING MOTION TO DISMISS * 1

between the parties. *Id*. at 19, 22-23. Mr. Salmeron's petition requested a no-contact order, and an order of exclusion requiring that Mr. Ola stay at least 1,000 feet away from him at all times. *Id*. at 13-14. The state court granted Mr. Salmeron a temporary protection order, imposing the requested no-contact and exclusion provisions with the added caveat that Mr. Ola "must work separate shifts or stay 50 ft away" while at work. *Id*. at 38.

Mr. Ola subsequently removed the action to this Court under the federal officer removal statute, 28 U.S.C. §§ 1446(a) and 1442(a). ECF No. 1.

## ANALYSIS

Under FRCP 12(b)(1), a party may move to dismiss claims based on lack of subject matter jurisdiction. Although sovereign immunity is only quasi-jurisdictional in nature, FRCP 12(b)(1) is the proper vehicle for invoking sovereign immunity. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). "Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the [federal] government." *Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015). A suit against a government officer in her official capacity is really "a suit against the official's office," and so officers acting within their authority generally

ORDER GRANTING MOTION TO DISMISS * 2

also receive sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304 (1989).

An action seeking an order that would "interfere with the public administration" or "restrain the Government from acting" constitutes a suit against the United States. *See Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969) (internal quotation marks omitted). "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *F.B.I. v. Superior Ct. of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007).

This case is not the first time a party has filed for a restraining order stemming from a dispute at a federal workplace:

> Numerous courts have found requests for civil restraining orders against federal employees to be barred by sovereign immunity when the employees are acting in the scope of their employment and the restraining orders would restrict their activities in the workplace. *See Guancione v. Espinoza*, Case No. 23-cv-01935-BLF, 2023 WL 4551073, at *4-5 (N.D. Cal. July 14, 2023) (holding sovereign immunity barred suit and dissolving stay away order against federal marshal where marshal was executing court-ordered real estate foreclosure and judicial sale of property); *Kline v. Johns*, No. 21-cv-03924-KAW, 2021 WL 3555734, at *2 (N.D. Cal. Aug. 2, 2021) (dismissing case based on sovereign immunity and dissolving civil harassment restraining order against federal employee where the plaintiff claimed harassment in the workplace because the "TRO interferes with Defendant's ability to perform his job as a federal employee"), appeal dismissed, No. 21-16316, 2021 WL 7442177 (9th Cir. Dec. 7, 2021); *see also Sherill v. Van Cleave*, No. CV-22-01274-PHX-DGC, 2022 WL 14644390, at *4-5 (D. Ariz. Oct. 25, 2022) ("To the extent the injunction restrains Van Cleave from having contact with Sherrill at the federal workplace and going to the workplace, the Court agrees with the United States that the injunction is barred by sovereign immunity."); *Clark v. United States*, Case No. C21-507 MJP, 2021 WL 3129623, at *2 (W.D. Wash. July 23, 2021) (where parties were co-workers at federal agency,

ORDER GRANTING MOTION TO DISMISS * 3

dismissing case based on sovereign immunity because "[t]he petition does not identify any provision of law by which the United States has waived sovereign immunity for the purpose of permitting its employees, acting in the scope of their employment, to be sued such that a state-court order of protection could be issued against them and restrict their activities at the workplace"); *Figueroa v. Baca*, Case No. ED CV 17–1471 PA (AGRx), 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018) (where parties were civilian employees at Fort Irwin Army Garrison, dissolving portion of a TRO that applied to workplace and remanding remainder of case to state court).

*Coelho v. Chalas*, 2024 WL 150586, at *3 (N.D. Cal. Jan. 12, 2024); *see also Hendy v. Bello*, 555 F. App'x 224 (4th Cir. 2014) (affirming dismissal of restraining order stemming from dispute between two postal employees on sovereign immunity grounds).

Mr. Salmeron's petition for a protection order is entirely based on allegations about Mr. Ola's conduct at the Post Office. The petition would interfere with public administration by affecting staffing at the USPS Post Office in Pasco and restricting Mr. Ola's activities in the workplace. For that reason, his petition constitutes a suit against the United States that is barred by sovereign immunity. The United States' motion to dismiss is granted.

**ACCORDINGLY, IT IS ORDERED:**

1. United States' Rule 12(b)(1) Motion to Dismiss, **ECF No. 2**, is

    **GRANTED**.

2. Plaintiff Samuel Salmeron's suit is **DISMISSED** without prejudice.

3. The Clerk is directed to enter judgment for the Defendant.

ORDER GRANTING MOTION TO DISMISS * 4

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, close the file, and provide copies to the parties.

DATED November 10, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS * 5